UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MR. ROBERT FORD, | ) No. CV 09-7371 GHK (FFM) |
| Petitioner, | ) ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS TIME-BARRED |
| v. | ) |
| M. McDONALD (WARDEN), | ) |
| Respondent. | ) |

Petitioner, a prisoner in state custody constructively filed[1] a Petition for Writ of Habeas Corpus ("Petition") on September 29, 2009. Petitioner alleges that the California Supreme Court denied direct review of his conviction on February 16, 2007. (Petition at 3.) Petitioner also alleges that he has not filed habeas petitions in state court with respect to his judgement of conviction. (*Id.*)

The present proceedings were initiated after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Accordingly, the AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners, like petitioner, whose convictions became final post-AEDPA, the one-year period starts running from the latest of

---

[1] A *pro se* prisoner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

1  four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D).  *See, e.g.*,
2  *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001).  The operative
3  provision which appears to apply in this case is set forth in 28 U.S.C. §
4  2244(d)(1)(A).  That subparagraph provides that the one-year period begins to run
5  from "the date on which the judgment became final by the conclusion of direct
6  review or the expiration of the time for seeking such review."  Where, as here, the
7  challenged judgment was affirmed by the state's highest court, the period of direct
8  review ends either when the petitioner failed to file a *certiorari* petition in the
9  United States Supreme Court and the 90-day period for doing so has expired, or
10 when the Supreme Court has ruled on a filed petition.  *See Clay v. United States*,
11 537 U.S. 522, 527-32 and ns. 3-4, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003);
12 *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

13       In this case, petitioner does not appear to have filed a *certiorari* petition in
14 the United States Supreme Court.  (*See, e.g.*, Petition at 2-5).  Thus, under section
15 2244(d)(1)(A), petitioner's conviction became final 90 days after the February 16,
16 2007, denial of the petition for review by the California Supreme Court, or on
17 May 20, 2007.  *See Clay*, 537 U.S. at 527-32 and ns.3, 4; 28 U.S.C. § 2101(d);
18 Sup. Ct. R. 13.1.  Accordingly, the one-year limitations period expired on May 20,
19 2008.  *Patterson*, 251 F.3d at 1245-47.  However, petitioner did not initiate the
20 present proceedings until over a year after the limitations period expired.  As a
21 result, the present action is untimely, absent statutory or equitable tolling.  See 28
22 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1 | Because the Petition does not demonstrate any basis for tolling the statute, the Court orders petitioner to show cause in writing within 45 days of the date of this order why the Petition should not be dismissed as time barred. If petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed as time-barred and/or for failure to prosecute.

IT IS SO ORDERED.

DATED: October 19, 2009

                          / s / FREDERICK F. MUMM
                                FREDERICK F. MUMM
                               United States Magistrate Judge